**DYKEMA GOSSETT LLP**
S. Christopher Winter, SBN: 190474
kwinter@dykema.com
Walead Esmail, SBN: 266632
wesmail@dykema.com
333 South Grand Ave, Suite 2100
Los Angeles, CA 90071
Tel.: (213) 457-1800
Fax: (213) 457-1850

Attorneys for Plaintiff
RASCAL VIDEO, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| RASCAL VIDEO, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD SEXY MEDIA INVESTMENT, LLC, a California limited liability company; VAST RESOURCES, INC., a California corporation; SCOTT TUCKER, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV12 09675 SVW (JCx)<br><br>**COMPLAINT FOR DECLARATORY RELIEF, SET ASIDE OF FRAUDULENT TRANSFER, BREACH OF CONTRACT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Rascal Video, LLC ("Rascal"), for its Complaint against defendants World Sexy Media Investment, LLC ("WSMI" or "New Topco"), Vast Resources, Inc. ("Vast Resources" or "Old Topco"), Scott Tucker ("Tucker"), and DOES 1-10, inclusive (collectively "Defendants"), alleges as follows:

## INTRODUCTION

1.  Rascal and Vast Resources d/b/a Topco Sales ("Old Topco") entered into an exclusive license agreement in May 2004 (the "License Agreement") whereby Rascal authorized Old Topco to manufacture and distribute adult novelty items under

Rascal's valuable trademarks. Old Topco's performance under the License Agreement declined over the years, and since at least 2008 Topco was frequently unable to fulfill customer orders in a timely manner, among other problems. In March 2011 Rascal terminated the License Agreement pursuant to its terms. Old Topco disputed Rascal's termination but stopped paying Rascal royalties under the License Agreement after September, 2011.

2. In July 2012, Rascal learned that Old Topco had purported to make a general assignment for the benefit of creditors ("ABC"). Rascal also learned that the assignee had sold all of the assets of Old Topco to defendant WSMI, which is owned, at least in part, by the owners of Old Topco. WSMI thereupon commenced doing business as "Topco Sales" (i.e., New Topco) in the same location and with many of the same employees as Old Topco. Notwithstanding Rascal's termination of the License Agreement with Old Topco, New Topco purports to have acquired the License Agreement from Old Topco's assignee, and continues to exploit the trademarks licensed to Old Topco. Rascal seeks an order from this Court declaring the License Agreement terminated, enjoining New Topco from further infringing Rascal's marks, and setting aside the fraudulent transfer of Old Topco's assets to New Topco. Rascal also seeks damages from Old Topco for breach of contract for unpaid royalties under the License Agreement and damages from New Topco for its willful infringement of Rascal's marks.

## THE PARTIES

3. Plaintiff Rascal is a limited liability corporation organized under the laws of the State of California with its principal place of business in Los Angeles, California. Rascal produces and distributes adult films under its trademarks and trade names, including CHANNEL 1 RELEASING, CHI CHI LARUE (including the physical likeness of Larry Paciotti, who performs under the stage name "CHI CHI LARUE"), RASCAL VIDEO, and LIVE AND RAW (collectively, the "RASCAL MARKS"). Rascal, through a predecessor in interest, also owns trademark rights in

the mark DIRK YATES.

4. Rascal is informed and believes, and on that basis alleges, that defendant WSMI is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles, California. WSMI is currently doing business as Topco Sales, and under that name is engaged in the business of manufacturing, distributing, selling, and marketing adult novelty products and sexual aids. Rascal is informed and believes, and on that basis alleges, that WSMI is owned and/or controlled, in whole or in part, by the owners of defendant Vast Resources.

5. Rascal is informed and believes, and on that basis alleges, that defendant Vast Resources is a corporation organized under the laws of the State of California with its principal place of business in Los Angeles, California. Until about July, 2012, Vast Resources did business as Topco Sales, and under that name engaged in the business of manufacturing, distributing, selling, and marketing adult novelty products and sexual aids.

6. Rascal is informed and believes, and on that basis alleges, that defendant Tucker is an individual residing in the County of Los Angeles, California. Rascal is informed and believes, and on that basis alleges, that Tucker owns all or part of Old Topco and New Topco, and that Tucker controls, or has the right to control, Old Topco and New Topco.

7. Defendant DOE 1 is the assignee to whom Old Topco assigned its assets, and which sold those assets in turn to New Topco. When Rascal ascertains the true name of defendant DOE 1, Rascal will amend this Complaint accordingly.

8. Plaintiff does not know the true names and capacities of defendants DOES 2-10, inclusive, and sues these Defendants by such fictitious names. Plaintiff is informed and believes and on that basis alleges that each of the defendants fictitiously named as DOES 2-10 is responsible in some manner for and caused the damages herein alleged. When Plaintiff ascertains the true names and capacities of

1  DOES 2-10, it will amend this Complaint accordingly.

2  9. On information and belief, each defendant aided and abetted the actions of one or more of the other defendants as set forth below, in that each defendant had knowledge of the actions or omissions of the other defendants and encouraged, assisted or facilitated those acts or omissions. Each of the defendants was the agent of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of the other defendants.

## JURISDICTION AND VENUE

10. Jurisdiction is proper in this Court because this litigation arises under federal law, namely 17 U.S.C. § 1051 *et seq.* (Lanham Act). The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a), (b) (trademark and unfair competition). This Court has supplemental jurisdiction over Rascal's state law claims under 28 U.S.C. § 1367.

11. This Court has personal jurisdiction over defendants WSMI and Vast Resources (the "Corporate Defendants") because the Corporate Defendants are formed and operated under the laws of the State of California and have a principal place of business in this judicial district.

12. This Court has personal jurisdiction over Tucker because Tucker resides in and/or can be found within this judicial district.

13. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c).

## FACTUAL BACKGROUND

14. Since at least as early as 1990, Rascal (or its predecessor) began using the RASCAL MARKS and the DIRK YATES mark on goods in commerce. By virtue of its longstanding use of the RASCAL MARKS and DIRK YATES mark, Rascal has developed a valuable reputation for quality and goodwill associated with its marks.

15. On or about May 6, 2004, Rascal entered into a trademark license

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

agreement (the "License Agreement") with Vast Resources whereby Rascal licensed to Old Topco, *inter alia*, the right to exploit the RASCAL MARKS in connection with the design, manufacture, advertising, promotion, sale, and distribution of certain adult novelty products and sexual aids, including, *inter alia*, molded body parts.

16. The License Agreement required Old Topco to make quarterly royalty payments to Rascal with accompanying royalty statements no later than forty-five (45) days after the end of the preceding calendar quarter.

17. The License Agreement also required Old Topco to obtain design approval from Rascal for all products sold under the RASCAL MARKS.

18. The License Agreement allows Rascal to terminate the License Agreement after 60 days written notice if, *inter alia*, Old Topco becomes insolvent or "makes an assignment for benefit of creditors or similar disposition of its assets."

19. The License Agreement provides for an initial term from May 10 2004 to May 9, 2012 (subject to earlier termination pursuant to other terms of the License Agreement). The License Agreement further provides that upon expiration of the original term, Old Topco shall have the right to extend the term of the License Agreement an additional eight years, so long as Old Topco is not in default under the terms of the License Agreement at the time of exercise.

20. The License Agreement provides that after expiration or termination of the License Agreement, the RASCAL MARKS are to revert to Rascal. Old Topco is authorized to continue selling inventory existing at the time of expiration or termination for an additional one year thereafter (and to pay royalties thereupon to Rascal), but not to create, manufacture or distribute new products or manufacture additional existing products.

21. In or about 2008, Old Topco began to manufacture and distribute goods under the DIRK YATES mark, without Rascal's authorization or consent.

22. On March 11, 2011, Rascal notified Old Topco that it was terminating the License Agreement for, among other things, failure to pay royalties and provide

5
COMPLAINT

royalty statements in a timely manner. Rascal also notified Old Topco that it was not authorized to use the DIRK YATES mark and that such use was therefore infringing.

23. On May 19, 2011, Rascal reiterated its termination of the License Agreement, and noted that Old Topco had failed to cure within 60 days of demand its default of its obligation to provide royalty statements.

24. Old Topco paid Rascal a royalty payment for the third quarter of 2011 but thereafter ceased royalty payments to Rascal under the License Agreement.

25. On or about July 2012, Rascal learned that Old Topco had purported to make a general assignment for the benefit of creditors ("ABC"), and that its assignee had thereafter sold the assets of Old Topco to New Topco.

26. At the time of the purported ABC, Old Topco was in default of the fourth quarter 2011 royalty payment and the first quarter 2012 royalty payment, as well as the required royalty statements associated with those payments.

27. At the time of the purported ABC, Old Topco owed Rascal at least $60,000 in unpaid royalties under the License Agreement.

28. Rascal never received formal notice of the assignment. Rascal never received a final statement of sales through the date of the ABC, has not received any instructions on how to submit a claim to the assignee, and has not received any response to its request for an inventory of licensed product in the possession of Old Topco at the time of the ABC.

29. On information and belief, New Topco is owned and controlled, in whole or in part, by the same person(s) who own Old Topco. New Topco operates from the same offices as had Old Topco, with all or almost all of the same employees. Among others, defendant Tucker was the president of Old Topco and is the CEO of New Topco.

30. On information and belief, the transfer of Old Topco's assets to New Topco was "in place," that is, possession of the assets was never taken by the assignee.

COMPLAINT

31. On information and belief, New Topco did not pay fair value for the assets of Old Topco.

32. In July 2012, Rascal again notified Old Topco that the License Agreement was terminated.

33. In July 2012, Rascal notified New Topco that it was not authorized to distribute goods under the RASCAL MARKS or the DIRK YATES mark and demanded that it cease and desist from further infringement of Rascal's marks.

34. Since the ABC, New Topco has denied any obligation to pay the royalties due from Old Topco prior to the ABC. However, defendant Tucker has told Rascal that New Topco would pay the Old Topco royalties to Rascal if Rascal agreed to enter into a new agreement with New Topco.

35. On information and belief, New Topco falsely represents to others that it is authorized to manufacture and distribute goods under the RASCAL MARKS and the DIRK YATES mark.

36. On information and belief, New Topco has manufactured and distributed and continues to manufacture and distribute goods under the Rascal Mark after the termination of the License Agreement.

37. On information and belief, New Topco has manufactured and distributed and continues to manufacture and distribute goods under the DIRK YATES mark without authorization from Rascal.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT

(Declaratory Relief Act, 28 U.S.C. § 2201)

(Against Old Topco and New Topco)

38. Rascal hereby repeats and realleges Paragraphs 1-37 above as though fully set forth herein.

39. An actual case or controversy has arisen between Rascal, on the one hand, and Vast Resources and WSMI, on the other hand, regarding their respective

rights and obligations under the License Agreements (if any).

40. On information and belief, Vast Resources and WSMI contend that Rascal did not effectively terminate the License Agreement, that Old Topco renewed the License Agreement for an additional eight years on May 9, 2012, prior to the ABC, and that the License Agreement has now been assigned to New Topco.

41. Rascal asserts that the License Agreement was terminated on, at the latest, May 11, 2011; that even if the License Agreement was not effectively terminated in May 2011, it terminated by its terms on May 9, 2012 (because Old Topco was in default of its payment obligations and not entitled to renew on that date), and that as such New Topco was not assigned the License Agreement under the ABC and has no rights thereunder.

42. New Topco has announced that it intends to, and has continued to, manufacture, distribute, sell, and market adult products internationally under the RASCAL MARKS despite termination of the License Agreement.

43. Rascal has suffered and will continue to suffer harm in the absence of a declaration of the parties' respective rights under the License Agreement.

44. Rascal desires a judicial determination that: (i) the License Agreement was terminated by Rascal on or about March 11, 2011, and such termination became effective no later than May 10, 2011; (ii) in the alternative, in the event that the Court determines that the License Agreement was not effectively terminated in March 2011, that it expired by its terms on May 9, 2012 and could not have been renewed at that time because Old Topco was in default of the License Agreement on that date; and (iii) that the terminated License Agreement was not properly transferred to New Topco in the ABC, and New Topco has no rights thereunder.

///
///
///
///

## SECOND CAUSE OF ACTION
## SET ASIDE OF FRAUDULENT TRANSFER

(Uniform Fraudulent Transfers Act, Cal. Civ. Code § 3439 *et seq.*)

(Against Old Topco, New Topco, and DOE 1)

45. Rascal hereby repeats and realleges Paragraphs 1-44 above as though fully set forth herein.

46. Rascal is a creditor of Old Topco to whom a debt is owed by Old Topco.

47. On information and belief, Old Topco's general assignment of assets to DOE 1 was made with actual intent to hinder, delay, or defraud Rascal.

48. On information and belief, Old Topco's general assignment of assets to DOE 1 was made without receiving equivalent value and when Old Topco was insolvent.

49. On information and belief, New Topco conspired with and aided and abetted Old Topco's fraud in order to obtain the assets of Old Topco at less than their fair value in order to defraud and hinder the creditors of Old Topco.

50. Rascal has been harmed by the conduct described herein, in that the ABC put beyond Rascal's reach property that would have otherwise been available to satisfy Old Topco's debt to Rascal.

51. Rascal requests that the purported ABC be voided and set aside, that New Topco and Tucker be enjoined from further transfers of Old Topco's assets, and that a receiver be assigned to manage Old Topco.

52. Rascal requests its reasonable attorneys' fees and costs in connection with this Second Cause of Action.

## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT

(Against Old Topco)

53. Rascal hereby repeats and realleges Paragraphs 1-51 above as though fully set forth herein.

54. The License Agreement is a terminated valid and binding contract between Rascal and Old Topco.

55. Rascal has fully performed its obligations under the License Agreement

56. Pursuant to the terms of the License Agreement, Old Topco is required to pay royalties to Rascal on a quarterly basis no later than forty-five (45) days after the end of the preceding calendar quarter.

57. Pursuant to the terms of the License Agreement, Old Topco is required to provide Rascal with a complete and accurate royalty statement with each quarterly payment.

58. Old Topco breached the License Agreement by failing to pay royalties for sales of licensed products from October 1, 2011 through the date of the purported ABC.

59. As a result of the foregoing conduct, Rascal is entitled to damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITON

(15 U.S.C. § 1125(a); Lanham Act § 43(a))

(Against New Topco and Tucker)

60. Rascal hereby repeats and realleges Paragraphs 1-59 above as though fully set forth herein.

61. Since at least 1990, Rascal has been using the RASCAL MARKS and the DIRK YATES mark in commerce. Consumers recognize the RASCAL MARKS and DIRK YATES mark as originating from Rascal. Rascal has established significant common law trademark rights in connection with its RASCAL MARKS and DIRK YATES mark.

62. By virtue of its longstanding use of the RASCAL MARKS and DIRK YATES mark, Rascal has developed a valuable reputation for quality and goodwill associated with its marks.

10
COMPLAINT

63. New Topco's use of the RASCAL MARKS and DIRK YATES mark in connection with the continuing manufacture, distribution, sale, and promotion of goods is not authorized by Rascal and is likely to cause, and has caused, a likelihood of confusion among members of the public regarding the origin, sponsorship, and endorsement of goods sold or offered by New Topco.

64. As a direct and proximate result of New Topco's unlawful conduct, Rascal has and will continue to suffer substantial harm and injury to its business, goodwill, and reputation. Unless enjoined, New Topco's conduct will continue to cause Rascal immediate and irreparable injury.

65. By engaging in the conduct alleged herein, New Topco intended to trade on Rascal's reputation, thereby entitling Rascal to New Topco's profits, Rascal's damages, and the costs of the action.

66. Defendant Tucker actively and knowingly caused the conduct of New Topco alleged herein, thereby rendering him individually liable for the harm such conduct caused to Rascal.

## FIFTH CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT

(Against New Topco and Tucker)

67. Rascal hereby repeats and realleges Paragraphs 1-66 above as though fully set forth herein.

68. Rascal is the senior user of the common law RASCAL MARKS and DIRK YATES mark.

69. The general public has come to associate the RASCAL MARKS and DIRK YATES mark with Rascal and with goods and services endorsed by Rascal.

70. Rascal has built up considerable goodwill in the RASCAL marks and DIRK YATES mark.

71. On information and belief, since about July 2011 New Topco has been using the RASCAL MARKS and DIRK YATES mark without Rascal's permission

or consent, and in competition with Rascal on identical or similar goods.

72. New Topco's unlawful acts violate Rascal's trademark rights under California common law and are likely to cause consumer confusion as to the sponsorship of the goods sold or offered by New Topco.

73. New Topco's acts of trademark infringement have been committed with the intent to, and have caused, confusion, mistake, or deception.

74. As a direct and proximate result of New Topco's unlawful conduct, Rascal has suffered and will continue to suffer substantial harm and injury to its business, goodwill, and reputation. Unless enjoined, New Topco's conduct will continue to cause Rascal immediate and irreparable injury.

75. New Topco's acts of trademark infringement are willful, intentional, and committed with malice to harm Rascal's business. Rascal therefore seeks to recover enhanced damages and attorneys' fees.

76. Tucker actively and knowingly directed the infringing conduct of New Topco alleged herein, thereby rendering him individually liable for the harm such infringement caused to Rascal.

## SIXTH CAUSE OF ACTION
## CALIFORNIA UNFAIR COMPETITION
(Cal. Bus. & Prof. Code § 17200)

(Against New Topco)

77. Rascal hereby repeats and realleges Paragraphs 1-38 above as though fully set forth herein.

78. New Topco has infringed, appropriated, used and adopted the RASCAL MARKS and DIRK YATES mark with the intent of causing confusion, mistake, and deception as to the source of its goods and with the intent of causing harm to Rascal's business.

79. New Topco's conduct constitutes an "unlawful, unfair or fraudulent business act or practice" and an "unfair, deceptive, untrue or misleading advertising"

within the meaning of California Business & Professions Code Section 17200.

80. Rascal has been damaged by New Topco's conduct as alleged herein.

81. As a consequence of New Topco's unlawful actions, Rascal is entitled to injunctive relief and an order that New Topco disgorge any and all profits made on the manufacture, use, display, or sale of its infringing goods.

## PRAYER FOR RELIEF

WHEREFORE, Rascal respectfully prays the following relief:

1. A declaratory judgment that the License Agreement was terminated on May 11, 2011;
2. In the alternative, a declaratory judgment that the License Agreement expired by its terms on May 9, 2012, and Old Topco was not entitled to renew because of its default on its payment obligations;
3. A declaratory judgment that New Topco does not have any rights under the License Agreement;
4. An order permanently enjoining New Topco, its subsidiaries, officers, affiliates, agents, directors, shareholders, parent corporations, employees, partners, representatives, licensees, related companies, assigns, attorneys and any and all persons, entities, or agents in active concert or participation with Defendant, to refrain from manufacturing, distributing, selling, marketing, or in any other way exploiting the RASCAL MARKS and DIRK YATES mark, and from competing unfairly with Rascal in any manner and from otherwise damaging Rascal's goodwill or business reputation:
5. An order requiring New Topco to destroy and cease exploiting in any way the molded body parts that embody Rascal's intellectual property rights;
6. Order an accounting from both New Topco and Old Topco identifying

all sales of products under the License Agreement and an inventory of all product manufactured under or in violation of the License Agreement;

7. Order that New Topco be required to account for any and all profits earned as a result of its unlawful acts;

8. Award Rascal damages and lost profits in amount to be proven at trial;

9. Grant an award of punitive damages for the willful and wanton nature of Defendant's infringement of Rascal's intellectual property;

10. Grant an award of Rascal's costs, expenses, and reasonable attorneys' fees in this action;

11. Grant such other further relief to which Rascal may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 Rascal hereby demands a jury trial on all issues so triable.

Dated: November 9, 2012

DYKEMA GOSSETT LLP
S. Christopher Winter
Walead Esmail

By: _____
S. Christopher Winter
Attorneys for Plaintiff
RASCAL VIDEO, LLC

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| RASCAL VIDEO , LLC, a Calfironia limited liability company, <br> *Plaintiff* <br> v. <br> World Sexy Media Investment <br> See Attached  *Defendant* | Civil Action No. CV12 09675 SVW (JCx) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

BY FAX

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

CHRISTOPHER POWERS

Date: 11/13/12

*Signature of Clerk or Deputy Clerk*

AO-440

**DYKEMA GOSSETT LLP**
S. Christopher Winter, SBN: 190474
kwinter@dykema.com
Walead Esmail, SBN: 266632
wesmail@dykema.com
333 South Grand Ave, Suite 2100
Los Angeles, CA 90071
Tel.: (213) 457-1800
Fax: (213) 457-1850

Attorneys for Plaintiff
RASCAL VIDEO, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| RASCAL VIDEO, LLC, a California limited liability company, | Case No. |
| Plaintiff, | |
| vs. | |
| WORLD SEXY MEDIA INVESTMENT, LLC, a California limited liability company; VAST RESOURCES, INC., a California corporation; SCOTT TUCKER, an individual, and DOES 1-10, inclusive, | |
| Defendants. | |

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| RASCAL VIDEO, LLC, a California limited liability company, | WORLD SEXY MEDIA INVESTMENT, LLC, VAST RESOURCES, INC., a CA Corporation, SCOTT TUCKER, an individual and DOES 1-10, incl |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| S. Christopher Winter [SBN 190474]<br>DYKEMA GOSSETT LLP<br>333 S. Grand Avenue, Suite 2100<br>Los Angeles, CA  90071<br>213-457-1800 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT:** $ [TO BE DETERMINED]

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

DECLARATORY RELIEF (DECLARATORY RELIEF ACT-28 USC §2201); SET ASIDE OF FRADULENT TRANSFER (UNIFORM FRAUD TRANSFERS ACT- CA CIV CODE §3439); BREACH OF CONTRACT; TRADEMARK INFRINGMENT; UNFAIR COMPETITION (LANHAM ACT §43(a))

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☒ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

CV12 09675

FOR OFFICE USE ONLY: Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2
                                                                      CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  [X] No  [ ] Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  [X] No  [ ] Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    [ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)
(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date **November 13, 2012**
S. Christopher Winter

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |